UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRAKO JA KONGARI,               )<br>                                               )<br>         *Plaintiff*,                        )<br>                                               )<br>    v.                                        )        Civil Action No. 24-1919  (UNA)<br>                                               )<br>UNITED STATES DEPARTMENT  )<br>OF COMMERCE, *et al.*,           )<br>                                               )<br>         *Defendants*.                  )  | |

## MEMORANDUM OPINION

Plaintiff complied with the Court's August 9, 2024, Order (ECF No. 4) by filing a new application to proceed *in forma pauperis* (ECF No. 5).  The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice for lack of subject matter jurisdiction.

Plaintiff identifies himself as a "Maipuri Arauan Nation . . . tribal and national citizen," Compl. at 1, and "an indigenous Arawak American," *id*. at 10 (page numbers designated by CM/ECF).  As such, he allegedly is "a foreigner and alien to the United States." *Id* at 11. According to plaintiff, the United States Census Bureau and its parent agency, the United States Department of Commerce, are erroneously "classif[ying] [him] as 'negro' in [their] official records," *id*. at 14, thereby "forcing [a] fraudulent identity upon" him for the purposes of "oppress[ing]" him and placing him "in a perpetual state of apartheid and disenfranchisement," *id*. at 12.  Defendants allegedly refuse to modify their records to reflect plaintiff's status as American Aborigine.  *See generally id*. at 10-15.  Plaintiff brings this action under the Alien Tort Statute ("ATS"), *see id*. at 9, and demands adjustment of defendants' records and an award of $10 million, *see id*. at 14, for "each year of identity fraud," *id*. at 6.

1

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It is well established that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Peña*, 518 U.S. 187, 192 (1996) (citation omitted). The ATS, which vests in federal district courts "original jurisdiction [over] any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States," 28 U.S.C. § 1350, is not a waiver of sovereign immunity. *Yirenkyi v. U.S. Cent. Intel. Agency*, 656 F. Supp. 3d 241, 247–48 (D.D.C. 2023); *see El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 858 (D.C. Cir. 2010) (en banc) (Kavanaugh, J., concurring) ("The Alien Tort Statute has never been held to cover suits against the United States or United States Government officials."); *see also Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 676 (D.C. Cir. 2023) ("The ATS is a purely jurisdictional statute and does not itself create a private cause of action.").

Sovereign immunity bars plaintiff's ATS claim, *see Angeni v. U.S. Dep't of Commerce*, No. 24-cv-02006 (CRC), 2024 WL 4582972, at *1 (D.D.C. Oct. 25, 2024) (dismissing claim against Census Bureau for misclassifying plaintiff as "Black" rather than "American Aborigine" because ATS "cannot be used to sue the United States for damages"). The complaint must therefore be dismissed. An Order is issued separately.

DATE: March 11, 2025

/s/
CHRISTOPHER R. COOPER
United States District Judge